UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
 AGING WELL BEAUTY, LLC,                     :
                                             :      **MEMORANDUM DECISION AND**
                                 Plaintiff,  :      **ORDER**
                                             :
              - against -                    :       25-cv-5305 (BMC)
                                             :
 JHON'ELLE BEAUTY COSMETICS EE,              :
 INC and H.A.V.V.A. RECORDS, INC.,           :
                                             :
                                 Defendants. :
------------------------------------------------------------- X

**COGAN**, District Judge.

This trademark action is presently before the Court on plaintiff's motion for a default

judgment, the Clerk having entered defendants' default upon the docket under Federal Rule of

Civil Procedure 55(a).  Plaintiff seeks a declaratory judgment that its trademark "JEUNELLE

SKINCARE" does not infringe upon defendants' registered trademark "JHON'ELLE BEAUTY

COSMETICS" or defendants' common law trademark "Jhonelle."

Defendants have not opposed the motion for a default judgment or otherwise appeared in

this action.  Nevertheless, I find that plaintiff is not entitled to the declaration it seeks.  The

motion is therefore denied and the case is dismissed.

## BACKGROUND

The following allegations in the complaint relating to liability are taken as true for

purposes of this motion.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d

155, 158 (2d Cir. 1992).

According to the complaint, on January 29, 2023, plaintiff's predecessor in interest filed

an application to register its trademark "JEUNELLE SKINCARE," in connection with various

cosmetic and skincare products in International Class 3 with the United States Patent and

Trademark Office.  The USPTO assigned U.S. Serial Number  97/772,227.   The goods listed on AWB's trademark application included a variety of anti-aging cosmetic products.

The complaint further alleges that on April 17, 2024, defendants filed a Notice of Opposition with the USPTO opposing the registration of plaintiff's mark.  Defendants own the registered mark "JHON'ELLE BEAUTY COSMETICS EE" and common law mark "Jhonnelle" in International Class 3 for cosmetic goods.  Defendants' opposition is essentially that the "Jeunelle" portion of plaintiff's proposed mark would likely cause consumer confusion with the "Jhon'Elle" portion of defendants' registered mark, especially since both plaintiff and defendants market cosmetic products.  Defendants also point to the similarity in sound and appearance between the two marks, as well as the absence of any restriction to trade channels or consumers for either sides' products.  Defendants contend before the USPTO that the potential for consumer confusion is sufficiently high that not only will consumers be misled, but defendants will lose sales.

Plaintiff's declaratory judgment complaint before this Court contains three claims: (1) that plaintiff is not infringing defendants' registered trademarks; (2) that plaintiff is not infringing defendants' common law trademarks; and (3) that plaintiff has a right to register its trademarks.

The proceeding before the USPTO's Trademark Trial and Appeal Board is presently pending. The TTAB has indicated that it is awaiting this Court's decision before it determines whether to sustain the objection to plaintiff's registration.

## DISCUSSION

In determining whether to exercise its permissive jurisdiction under the Declaratory Judgment Act, a court must consider "(1) whether the judgment will serve a useful purpose in

2

clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." Id. (quoting Amusement Indus., Inc. v. Stern, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010)). "The Declaratory Judgment Act ... 'confers a discretion on the courts rather than an absolute right upon the litigant.'" Frontier Airlines. Inc. v. AMCK Aviation Holdings Ireland Ltd., 676 F. Supp. 3d 233, 254 (S.D.N.Y. June 7, 2023) (quoting Pub. Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952)). Thus, even on an unopposed motion for a default judgment, a court may deny declaratory relief. See, e.g., Scharf v. Jombihis Corp., No. 25-cv-8044, 2026 WL 752971, at *8 (S.D.N.Y. Mar. 17, 2026); Am. Empire Surplus Lines Ins. Co. v. EM & EM Chimney & Masonry Repair, Inc., No. 16-cv-1541, 2017 WL 4118390, at *4-7 (E.D.N.Y. Aug. 30, 2017), report and recommendation adopted, No. 16-cv-1541, 2017 WL 4119266 (E.D.N.Y. Sept. 15, 2017).

Plaintiff maintains that it need not conduct an analysis of likelihood of confusion under the factors set forth in Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961), the reason being that "declaratory judgment plaintiffs do not have the burden of proving non-infringement." For this proposition, plaintiff relies on Sam Bernstein L. Firm, PLLC v. Sam, No. 25-cv-0252, 2026 WL 61261 (W.D.N.Y. Jan. 8, 2026), and Classic Liquor Importers, Ltd. v. Spirits Int'l B.V., 201 F. Supp. 3d 428 (S.D.N.Y. 2016). Plaintiff then conclusorily asserts that its proposed mark is not confusingly similar to defendants' registered mark, and that defendants, by their default, "have failed to prove otherwise."

Sam Bernstein is unhelpful to plaintiff in more ways than one. For starters, Sam Bernstein is not a default judgment case. The defendant was actively defending the action and brought counterclaims for declarations of non-infringement. Next, Sam Bernstein does not say what a party bringing a non-infringement claim must or need not prove, though it does imply – to

3

plaintiff's detriment – that such a party must show lack of likelihood of confusion.  See Sam Berstein, 2026 WL 61261, at *7.  Finally, Sam Bernstein ultimately declined to exercise jurisdiction over the defendant's non-infringement counterclaims, finding that resolution of the plaintiff's two trademark infringement claims would necessarily resolve (or make redundant) the defendant's non-infringement counterclaims.  See id at *9.  In sum, Sam Bernstein does not stand for the proposition for which plaintiff cites it, and, to the contrary, suggests that the question of likelihood of confusion must be answered one way or another in a trademark infringement case.

Classic Liquor gives plaintiff half of the equation.  Yes, Classic Liquor states that "declaratory judgment plaintiffs do not have the burden of proving non-infringement."  Classic Liquor, 201 F. Supp. 3d at 440 (citing Medtronic, Inc. v. Mirowski Fam. Ventures, LLC, 571 U.S. 191, 198 (2014)).  However, Classic Liquor, like Sam Bernstein, is not a default judgment case, and does not say what happens when a defendant defaults in a non-infringement declaratory judgment action.  It's common sense that a non-appearing defendant cannot affirmatively meet any burden.  But does that mean that the Court cannot analyze the claim and, in doing so, consider evidence or allegations from the pleadings that might weigh in the defendant's favor?  The Court thinks no.  Even though plaintiff has not shown the absence of a likelihood of confusion (and perhaps has a good argument for not having done so), the Court cannot just take plaintiff's word for it.

In assessing likelihood of confusion, courts in this Circuit apply the eight-factor balancing test from Polaroid, considering:

> (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the
> products and their competitiveness with one another; (4) evidence that the senior
> user may "bridge the gap" by developing a product for sale in the market of the
> alleged infringer's product; (5) evidence of actual consumer confusion;

4

(6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.

Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 115 (2d Cir. 2009). "The application of the Polaroid test is "not mechanical, but rather, focuses on the ultimate question of whether, looking at the products in their totality, consumers are likely to be confused." Id. (quoting Star Indus. v. Bacardi & Co., Ltd., 412 F.3d 373, 384 (2d Cir. 2005)). Conversely, "[n]o single factor is dispositive, nor is a court limited to consideration of only these factors." Brennan's, Inc. v. Brennan's Rest., L.L.C., 360 F.3d 125, 130 (2d Cir. 2004). "Rather, a court should focus on the ultimate question of whether consumers are likely to be confused." Paddington Corp. v. Attiki Imps. & Distribs., Inc., 996 F.2d 577, 584 (2d Cir. 1993).

The Court will analyze only the first three factors, as it has no evidence from which to render any conclusions about the latter five factors.

**Strength of the Trademark.** Registered marks "are presumptively distinctive." Classic Liquor, 201 F. Supp. 3d at 442 (citation omitted). That presumption "can be overcome by showing that a registered mark is generic or is descriptive without secondary meaning." Id. (citation omitted). Plaintiff admits that defendants' mark is registered and has made no showing (nor can the Court conclude *sua sponte*) that the mark is generic or merely descriptive. The "JHON'ELLE" portion of defendants' registered mark is a person's name, and is thus fanciful in that it "does not communicate any information about the product either directly or by suggestion." Id. (citation omitted). In turn, it enjoys the "strongest" protection. Id. (citation omitted). Therefore, this factor weighs against plaintiff.

**Similarity of the Marks.** "In applying this factor, courts consider whether the similarity of the marks is likely to cause confusion among potential customers," Arrow Fastener Co. v. Stanley Works, 59 F.3d 384, 394 (2d Cir.1995), and "look[] at the visual and aural similarity of

the marks, in addition to how they are presented in the marketplace," <u>Ivoclar N. Am., Inc. v.</u>

<u>Dentsply Int'l, Inc.</u>, 41 F. Supp. 2d 274, 280 (S.D.N.Y. 1998).  Here, the competing marks –

particularly, the portions that defendants challenge in the TTAB proceeding – are visually

similar.  They are, at least in one plausible pronunciation, phonetically similar.  They cover

similar lines of related products.  There has been no suggestion that their markets are separate.

This factor thus weighs against plaintiff.

 **Proximity of the Products and Their Competitiveness with One Another.**  "The

purpose of the inquiry, which considers both market proximity and geographic proximity, is 'to

determine whether the two products have an overlapping client base that creates a potential for

confusion.'"  <u>Classic Liquor</u>, 201 F. Supp. 3d at 447 (quoting <u>Brennan's</u>, 360 F.3d at 134).

Geographic proximity appears to be a non-issue, since at least plaintiff appears to operate

entirely online.  As for market proximity, all the Court knows is that both parties provide anti-

aging cosmetics.  The Court does not have any information upon which it could conclude that the

parties are directly competing with each other, but by that same token, the Court cannot conclude

otherwise.  Thus, this factor weighs against plaintiff.

* * *

 On balance, the Court cannot find that there is no likelihood of confusion between

plaintiff's proposed mark and defendants' registered mark.  In reaching this conclusion, the

Court is not holding that plaintiff infringed on defendants' mark.  To the contrary, the Court is

concluding that it is unequipped to make a finding either way.  By this same token, the Court

could have arguably declined to exercise jurisdiction over plaintiff's claims on the grounds that

the declaratory judgment sought would not "serve a useful purpose in clarifying or settling the

legal issues involved" or "finalize the controversy and offer relief from uncertainty."  <u>See</u>

6

Admiral Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 100 (2d Cir. 2023) (citations omitted).

Plaintiff may find it unfair that defendants' default has effectively prevented it from obtaining any resolution in this matter.  However, there is certainly no guarantee that defendants' appearance would have resulted in a judgment in plaintiff's favor.  As set forth above, three of the Polaroid factors appear to favor defendants, even with all of plaintiff's allegations relating to liability deemed true.  If defendants had appeared, they would have undoubtedly brought a counterclaim for infringement, and in *that* event, the Court may have rendered a judgment in defendants' favor.

## CONCLUSION

Plaintiff's motion for a default judgment is denied, and the case is dismissed.

**SO ORDERED.**

_____
*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       August 4, 2026

7